IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID DAMAS | § | CIVIL CAUSE NO. |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| ETHIOPIAN AIRLINES AND | § | |
| UNITED AIRLINES. | § | |
| | § | |
| Defendants. | § | |
| | § | |

**DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT**

Under 28 U.S.C. Section 1441(a), (c) and (d), Defendant Ethiopian Airlines Group s/h/a Ethiopian Airlines (hereinafter "Ethiopian Airlines") files its Notice of Removal, and removes the action styled *David Damas v. Ethiopian Airlines,* Case No. JS-2200408N from the Small Claims Court, Justice of the Peace, Pct. 3, Pl. 2, Dallas County, Texas (the "State Court Action") to this Court, because this Court has original jurisdiction under 28 U.S.C. § 1441(d) under the Foreign Sovereign Immunities Act (hereinafter "FSIA") and as Plaintiff's Complaint arises out of a treaty of the United States.

Under Local Rule 81.1, Ethiopian Airlines attaches hereto a copy of each of the following documents:

Exhibit A—an index of all documents that clearly identifies each document and indicates the date each document was filed in state court;

Exhibit B—a copy of the docket sheet in the State Court Action;

Exhibit C—each document filed in the State Court Action, discovery material (if filed on paper, each document being individually tabbed and arranged in chronological order according to the state court file date); and

Exhibit D—a separate signed certificate of interested persons that complies with LR 3.1(3) or 3.2(e).

In support of this removal, Defendant states the following:

## I.
## FACTUAL AND PROCEDURAL HISTORY

On October 25, 2022, Plaintiff David Damas ("Plaintiff") filed with the Small Claims Court in the Justice of the Peace, Pct. 3, Pl. 2, Dallas County of the State of Texas, a Petition bearing Case No. JS-2200408N. A true and correct copy of the Petition served on Ethiopian Airlines is attached hereto as **Exhibit C-1**.

Ethiopian Airlines received, but has yet to be properly served with, a copy of the Petition via certified mail at 3133 Mount Vernon Avenue, Alexandria, VA 22305.

In the Petition, Plaintiff asserts claims against Ethiopian Airlines and United Airlines for the alleged damage to his luggage and items contained therein. Exhibit C-1. Plaintiff seeks $11,301 in compensatory damages for the alleged damage to luggage and items as well as "missing five (5) days of work, return/refund ticket, bag/items transport, and transportation and storage." *Id.*

## II.
## JURISDICTION AND GROUNDS FOR REMOVAL

**A. Removal To This Court Is Permitted Because Ethiopian Airlines Is A Foreign State Under 28 U.S.C. § 1603(A)**

Removal is proper because this Court has original jurisdiction under 28 U.S.C. § 1330(a) in that Ethiopian Airlines is a "foreign state" as that term is defined by the FSIA:

      a. At the time the state court action was commenced and currently, Ethiopian Airlines was/is a corporation duly organized and existing under the laws of the Federal Democratic Republic of Ethiopia; and

      b. Ethiopian Airlines is either wholly owned by a foreign state, namely, the Federal Democratic Republic of Ethiopia or an organ or political subdivision thereof.

Ethiopian Airlines, therefore, is entitled to remove this action to this Court and to a trial by the Court without jury pursuant to 28 U.S.C. § 1441(d).

**B. Plaintiff's Claims Arise Under Federal Questions Under 28 U.S.C. § 1331.**

This case is removable under 28 U.S.C. § 1441 because Plaintiff's Petition asserts claims that present federal questions under 28 U.S.C. § 1331. More specifically, because Plaintiff's allegations logically arose during international air travel, Plaintiff's claims are governed exclusively by the Convention for the Unification of Certain Rules for International Carriage (the "Montreal Convention"), which is a treaty of the United States.

"The United States is a party of the Montreal Convention, which governs the international air carriage of passengers, baggage, and cargo." *White v. Emirates Airlines, Inc.*, 493 Fed. Appx. 526, 529 (5th Cir. 2012). The Montreal Convention is an airline passenger's exclusive remedy. *Id*. In Plaintiff's Petition, Plaintiff states that he resides in Dallas, Texas. Plaintiff has sued Ethiopian Airlines and United Airlines for: (1) damage to luggage and items, (2) missing five (5) days of work, (3) return/refund ticket, (4) bag/ items re-transport, and (5) transportation and storage. Exhibit C-1. Based on a reasonable interpretation of the Petition, Plaintiff is asserting a claim arising out of Plaintiff's international travel itinerary with Ethiopian Airlines and United Airlines. Therefore, Plaintiff's allegations occurred during an international flight and arise under a federal question because the Montreal Convention preempts any state law claims and provides the exclusive remedy for the alleged claims. Thus, removal to this Court is permitted.

## III.
## VENUE

Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a), because this district and division embrace the place where the State Court Action was pending.

## IV.
## REMOVAL PROCEDURAL REQUIREMENTS

This Notice of Removal is properly filed in the United States District Court for the Northern District of Texas, Dallas Division, under 28 U.S.C. § 1446(a) because Small Claims Court, Justice of the Peace, Pct. 3, Pl. 2, Dallas County, Texas is located in this federal judicial district. *See* 28 U.S.C. § 1441(a). Ethiopian Airlines has served the Plaintiff with written notice of the filing of this Notice as required by 28 U.S.C. § 1446(d) and filed written notice of this removal with the Clerk of the Small Claims Court, Justice of the Peace, Pct. 3, Pl. 2, Dallas County, Texas.

Plaintiff failed to properly serve Ethiopian Airlines. However, after receiving notice of the lawsuit, Ethiopian Airlines filed its Answer and Special Appearance on December 5, 2022. Therefore, under 28 U.S.C. § 1446(b), this Notice of Removal is timely filed. *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 US 344 (1999).

Furthermore, to remove an action to federal court, "all defendants who have been properly joined and served" must consent to the removal. 28 U.S.C. § 1446(b)(2)(A). The record of the underlying proceeding in state court does not reflect that United Airlines has been properly served. Accordingly, no other party is required to consent to or join in this removal.

The undersigned has signed this Notice without waiver of any of its claims, defenses, rights or remedies in this action, all of which are expressly reserved, and without admitting any of Plaintiff's claims or that Plaintiff is entitled to any damages or other relief in this case.

V.
## CONCLUSION

Under Federal Law, Ethiopian Airlines removes this action from the Small Claims Court, Justice of the Peace, Pct. 3, Pl. 2, Dallas County, Texas to this Court.

Dated:  December 9, 2022

    Respectfully submitted,
    */s/ Geffrey W. Anderson*
    Geffrey W. Anderson
    Texas Bar No. 00786980
    ganderson@andersonriddle.com
    Shannon Dugan
    Texas Bar No. 24106934
    sdugan@andersonriddle.com
    Kristin Newman
    Texas Bar No. 24102279
    knewman@andersonridde.com
    ANDERSON & RIDDLE, L.L.P.
    1604 8th Avenue
    Fort Worth, Texas 76104
    (817)334-0059
    (817)334-0425

    **COUNSEL FOR DEFENDANT ETHIOPIAN AIRLINES**
    -and-

    Andrew J. Harakas (to be admitted Pro Hac Vice)
    Stephanie M. Revilla (to be admitted Pro Hac Vice)
    **CLYDE & CO US LLP**
    405 Lexington Avenue
    New York New York 10174
    Email: Andrew.harakas@clydeco.us
    (212)710-3900
    (212) 710-3950 (fax)

## CERTIFICATE OF SERVICE

This is to certify that on December 9, 2022, a true and correct copy of the following instrument was sent by Certified Mail, Return Receipt Requested and Electronic Mail to:

David Damas
18250 Marsh Lane, Suite 2031
Dallas, Texas 75287
Dav_e_nuf@yahoo.com

*Pro se Plaintiff*

                                                   */s/ Shannon Dugan*
                                                   Shannon Dugan