IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DAVID DAMAS, § | |
|    PLAINTIFF, § | |
| § | |
| V. § | CIVIL CASE NO. 3:22-CV-2755-L-BK |
| § | |
| ETHIOPIAN AIRLINES AND § | |
| UNITED AIRLINES, § | |
|    DEFENDANTS. § | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this civil action was referred to the United States magistrate judge for pretrial management. For the reasons set forth below, this case should be **DISMISSED WITHOUT PREJUDICE** due to Plaintiff's failure to comply with a court order and for lack of prosecution.

## I. PROCEDURAL HISTORY

Plaintiff initiated this action in a Texas justice of the peace court, alleging that Defendants had damaged or lost his luggage and seeking reimbursement of the associated costs. Doc. 1-5 at 6. Before service of process was perfected on Defendant United Airlines, Defendant Ethiopian Airlines removed the case to this Court based on federal question jurisdiction and the Foreign Sovereign Immunities Act. Doc. 1 at 2-3.

While Ethiopian Airlines paid the Court's filing fee upon removal, Plaintiff is still responsible for serving this lawsuit on United Airlines. FED. R. CIV. P. 4(c); *see also* FED. R. CIV. P. 81(c). Because Plaintiff was not proceeding *in forma pauperis* in this Court, the United States Marshal's Service was not required to serve process on United Airlines as would

otherwise be required by Federal Rule of Civil Procedure 4(c)(3).  *See* FED. R. CIV. P. 4(c)(3) (providing that a court must order that service be made by a United States marshal or deputy marshal if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915).

Accordingly, on March 6, 2023, the Court entered an Order which stated in relevant part:

> Plaintiff was allowed to proceed without payment of costs in [state] court. However, once a case is removed to federal court, federal procedural rules apply. The requirements for proceeding *in forma pauperis*, that is, without payment of costs associated with litigation, are different in federal court than those in state court. Accordingly, within 14 days of the date of this order, Plaintiff is ORDERED to complete and return to the Clerk for filing an AO-239 long form, which is available on the Court's website, if he intends to maintain *in forma pauperis* standing in this Court.

Doc. 9.  Plaintiff did not comply with the Court's directive or obtain an extension of time to do so.  Thus, on April 11, 2023, the undersigned entered an *Order and Notice of Deficiency*, directing Plaintiff to complete the AO-239 form and to also register as a user of the Court's electronic filing and notice system by April 30, 2023.  Doc. 10.  The Court warned Plaintiff that failing to comply "will result in the dismissal of this case for want of prosecution under Federal Rule of Civil Procedure 41(b)."  Doc. 10 at 2 (emphasis omitted).

The Court subsequently learned that Plaintiff had not timely received the March 6 and April 11, 2023 Orders.  Accordingly, the Court extended the deadline for Plaintiff to comply with the Orders to May 26, 2023, and again advised Plaintiff that "[f]ailure to comply with this order will result in the dismissal of this case for lack of prosecution under Federal Rule of Civil Procedure 41(b)." Doc. 11 (emphasis omitted).  Again, Plaintiff neither timely filed the AO-239 form nor registered to use the Court's electronic filing system.  Instead, on July 5, 2023, Plaintiff filed an incomplete AO-239 form which did not identify his monthly living expenses or explain how they were paid.  Doc. 16.

2

On July 11, 2023, the Court gave Plaintiff 14 days to register for the Court's electronic filing system and either (1) request that the Clerk issue summons so that Plaintiff could arrange for service of process on United Airlines or (2) file a sufficient AO-239 form so the Marshal could effect service. Doc. 17 at 2. The Order also contained the same dismissal warning as before. Doc. 17 at 2. Plaintiff has not complied with the Order, and the deadline for doing so expired on July 25, 2023.

## II. ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). Plaintiff has been given ample opportunity to respond to the Court's Orders. He has impliedly refused or declined to do so. Therefore, this action should be dismissed without prejudice due to Plaintiff's failure to comply with a court order and for lack of prosecution. *See* FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).

## III. CONCLUSION

For the foregoing reasons, this case should be **DISMISSED WITHOUT PREJUDICE**.

**SO RECOMMENDED** on September 14, 2023.

*[signature]*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

3

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14days).